# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SCOTT ANTHONY THOMPSON,
  Appellant,

v.

OFFICE OF PERSONNEL
  MANAGEMENT,
  Agency.

DOCKET NUMBER
PH-0831-15-0076-I-2

DATE: September 26, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Scott Anthony Thompson</u>, Smyrna, Delaware, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of an Office of Personnel Management (OPM) decision for lack of jurisdiction.  Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant filed this appeal on November 10, 2014. Initial Appeal File (IAF), Tab 1. He challenged an OPM decision finding him ineligible to receive a death benefit as the sole beneficiary of the last will and testament of his grandmother, a former Federal employee. *Id.* at 7. OPM responded that it had on file the decedent's Civil Service Retirement System Designation of Beneficiary form, which named three other individuals as beneficiaries of the lump-sum death benefit. IAF, Tab 5 at 5. Each of those individuals had priority over the appellant and, without proof of their deaths, the listed beneficiaries remained eligible to receive the lump-sum death benefit. *Id.* at 4-5 (citing 5 C.F.R. § 831.2005). The appellant indicated that each of the named beneficiaries was deceased and that he would procure the necessary death certificates. IAF, Tab 7. After the appellant indicated that he needed additional time to obtain these documents, the administrative judge dismissed the appeal without prejudice, with automatic refiling to occur on August 24, 2015. IAF, Tab 17 at 2.

¶3 After the appeal was refiled, the appellant indicated that he was having difficulty obtaining a copy of his great-grandmother's death certificate from the

Delaware Office of Vital Statistics (DOVS). Refiled Appeal File (RAF), Tab 3. He requested that the Board subpoena the DOVS to help him obtain the certificate. *Id.* The administrative judge provided the appellant with a subpoena to be served and informed him of the relevant serving requirements. RAF, Tabs 7-8. The appellant was eventually able to obtain a copy of his great-grandmother's death certificate, which he submitted to the Board and OPM. RAF, Tab 12. During a subsequent telephonic status conference, OPM indicated that it required a copy of the appellant's birth certificate and that, once it received a copy, it would rescind its final decision. RAF, Tab 13.

¶4      Shortly thereafter, the appellant submitted a copy of his birth certificate. RAF, Tab 15. OPM rescinded its final decision and moved to dismiss the appeal for lack of jurisdiction. RAF, Tab 16 at 4. The administrative judge scheduled a telephonic status conference to address any questions that the parties had about OPM's rescission action. RAF, Tab 17. During the telephonic conference, the administrative judge explained to the appellant the procedural process that occurs when a final decision is rescinded. RAF, Tab 19, Initial Decision (ID) at 2. The appellant stated that he understood the explanation and raised no objection to OPM's request to dismiss the appeal. *Id.* The administrative judge granted OPM's motion and dismissed the appeal for lack of jurisdiction. ID at 1.

¶5      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He states that he is not represented by an attorney, and he requests that the Board review the initial decision. *Id.* OPM has responded to the petition for review, arguing that once OPM rescinded its final decision, it thereby removed any matter over which the Board retained jurisdiction. PFR File, Tab 4 at 4. OPM indicated that it would continue to give the appellant an opportunity to establish his claim and would issue a new final decision. *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6       The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). When an appeal has been filed from an OPM reconsideration or final decision and OPM subsequently rescinds its decision, the rescission action typically divests the Board of jurisdiction over the matter, and the appeal must be dismissed for lack of jurisdiction. *See Frank v. Office of Personnel Management*, 113 M.S.P.R. 164, ¶ 7 (2010). If OPM has improperly failed to respond to an appellant's repeated requests for a decision on an application, and dismissal could effectively prevent the appellant from pursuing the matter, the Board may exercise jurisdiction over the appeal. *See Garcia v. Office of Personnel Management*, 31 M.S.P.R. 160, 161 (1986).

¶7       Here, once OPM rescinded its final decision, there was no longer Board jurisdiction over the matter, and the administrative judge properly dismissed the appeal for lack of jurisdiction. *See Parker v. Office of Personnel Management*, 74 M.S.P.R. 131, 133 (1997). Because there is no indication that OPM has unreasonably delayed issuing a final decision or will refuse to issue one if the appeal is dismissed, we see no reason to disturb the initial decision. However, this does not mean that the issues raised by the appellant are moot. As noted by the administrative judge, the decision to dismiss the appeal will allow OPM to review the appellant's evidence and issue a new final decision. ID at 2-3. OPM has stated that, after the appeal is dismissed, it "will continue to provide the appellant with the opportunity to prove his relationship to the deceased designated beneficiary . . . and issue a new final decision, including appeal rights." PFR File, Tab 4 at 4. If the appellant is not satisfied with that decision, he will have the right to file a new appeal with the Board.

¶8       Accordingly, we affirm the administrative judge's decision to dismiss the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.